UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA R. MAURICE,

        Plaintiff,

v.

PETER O'ROURKE,[1] Acting Secretary of Veterans Affairs; and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS

        Defendants.

C18-1 TSZ

ORDER

THIS MATTER comes before the Court on defendants' motion to dismiss, docket no. 9. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

From April 2005 until December 2015, plaintiff Lisa R. Maurice worked for the United States Department of Veterans Affairs ("VA") as a dental hygienist under the supervision of Brock Satoris, DDS, MS and Gregg Hyde, DDS. Compl. at ¶¶ 3.1-3.3 (docket no. 1). Plaintiff apparently still works for the VA, but now at a different facility

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Peter O'Rourke is hereby substituted for former Secretary of Veterans Affairs David J. Shulkin.

ORDER - 1

than Drs. Satoris and Hyde. *Id.* at ¶ 3.21 (indicating that plaintiff was transferred to the American Lake Division (Lakewood, Washington) of the VA's Puget Sound Health Care System in June 2016). In September 2016, plaintiff initiated suit against Drs. Satoris and Hyde, alleging retaliation for exercising her First Amendment rights in the workplace and violation of her due process rights under the Fifth and Fourteenth Amendments. *See* Compl. at § IV (docket no. 1 in Case No. C16-1449-JLR). In February 2017, plaintiff's action against Drs. Satoris and Hyde was dismissed with prejudice and without attorney's fees or costs pursuant to the stipulation of the parties. *See* Order (docket no. 12 in Case No. C16-1449-JLR).

In January 2018, plaintiff commenced this action against then Secretary of Veterans Affairs David J. Shulkin and the VA, asserting that Drs. Satoris and Hyde retaliated against her for exercising her First Amendment rights in the workplace and violated her due process rights under the Fifth and Fourteenth Amendments. Plaintiff also pleaded a claim under the Americans with Disabilities Act of 1990 ("ADA") on disparate treatment, retaliation, and hostile work environment theories. In addition, plaintiff has brought two state law claims, one for constructive wrongful termination in violation of public policy and the other for intentional infliction of emotional distress or outrage. Defendants seek to dismiss plaintiff's claims on various grounds, including res judicata, sovereign immunity, and preclusion by the Civil Service Reform Act of 1978 ("CSRA"). Defendants also argue that, if plaintiff is granted leave to amend to assert a claim under the Rehabilitation Act of 1973, instead of the ADA, which does not apply to the VA, she should not be permitted to allege incidents of disability discrimination

occurring before April 11, 2016, because she did not timely report such matters to an Equal Employment Opportunity Commission ("EEOC") counselor.

**Discussion**

**A.    Standards for Defendants' Motion to Dismiss**

Defendants rely on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) in requesting dismissal of plaintiff's complaint either with or without prejudice. In their Rule 12(b)(1) motion, defendants present a facial challenge, which asserts that the allegations of the complaint are insufficient on their face to invoke federal jurisdiction. *See* *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). With respect to a facial challenge under Rule 12(b)(1), a plaintiff is entitled to the same safeguards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See* *Friends of Roeding Park v. City of Fresno*, 848 F. Supp. 2d 1152, 1159 (E.D. Cal. 2012). The allegations of the complaint are presumed to be true, *id.*, and the Court may not consider matters outside the pleading without converting the motion into one for summary judgment, *see White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, but it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one

1 of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a
2 cognizable legal claim. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th
3 Cir. 1984). Assuming the truth of the plaintiff's allegations and drawing all reasonable
4 inferences in the plaintiff's favor, <u>see</u> <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561
5 (9th Cir. 1987), the question for the Court on a Rule 12(b)(6) motion is whether the facts
6 in the complaint sufficiently state a "plausible" ground for relief. <u>Twombly</u>, 550 U.S. at
7 570. If the Court dismisses the complaint or portions thereof, it must consider whether to
8 grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.      Constitutional Claims**

Plaintiff's first claim for violation of her First Amendment rights and her second claim for violation of her Fifth and Fourteenth Amendment rights are both barred by res judicata. Res judicata generally refers to the preclusive effect of former litigation. <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 321 (9th Cir. 1988). Res judicata has two conceptual categories: (i) claim preclusion; and (ii) issue preclusion. <u>Id.</u>; <u>see also id.</u> at 321 n.2 ("The Supreme Court has encouraged the use of claim preclusion and issue preclusion rather than *res judicata* (as merger or bar) and collateral estoppel, respectively."). The key distinction between the two types of preclusion is that matters never litigated may be barred by claim preclusion, while only matters actually litigated may be barred by issue preclusion. <u>See id.</u> at 322. Both claim and issue preclusion apply with respect to plaintiff's constitutional tort claims. Such claims and the related issues in this litigation are identical to those in the previous suit, the earlier proceeding resulted in a dismissal with prejudice, the same individual was the plaintiff in both matters, and defendants in

this case are in the requisite privity with the defendants in the prior action. *See W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (outlining the requirements for claim preclusion); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746-47 & n.6 (9th Cir. 2006) (setting forth the elements of issue preclusion, taking judicial notice of the court filings in the earlier action, and holding that the settlement in the prior proceeding had preclusive effect). The fact that the dismissal of plaintiff's constitutional tort claims was voluntary and by stipulation of the parties is of no relevance; the previous dismissal was with prejudice. Defendants' Rule 12(b)(6) motion is GRANTED as to plaintiff's first (free expression) and second (due process) claims. Plaintiff cannot cure by amending her pleading, and her constitutional tort claims are DISMISSED with prejudice.[2]

**C.** **State Law Claims**

Plaintiff's fourth claim for constructive discharge and fifth claim for intentional infliction of emotional distress (or outrage) are precluded by the CSRA. *See Saul*, 928

---

[2] Even if the dismissal of plaintiff's claims against Drs. Satoris and Hyde, which were brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), does not operate to preclude plaintiff's constitutional tort claims against Acting Secretary O'Rourke and the VA, her assertions of First, Fifth, and Fourteenth Amendment violations are barred by sovereign immunity, and the Court, in the alternative, GRANTS defendants' Rule 12(b)(1) motion to dismiss, without prejudice, for lack of subject matter jurisdiction. *See Clemente v. United States*, 766 F.2d 1358, 1363-64 (9th Cir. 1985) (observing that "the United States may not be sued without its consent," that such consent "is a prerequisite for jurisdiction," and that a *Bivens* remedy is not available against federal employees who are sued in their official capacities). Plaintiff may not pursue her constitutional tort claims against Acting Secretary O'Rourke or the VA in this court under either *Bivens* or the Federal Tort Claims Act, and the exclusive way for plaintiff to raise any non-precluded free expression or due process claim is through the administrative process established under the CSRA. *See Munoz v. Locke*, 634 Fed. App'x 166, 167 (9th Cir. 2015); *Mangano v. United States*, 529 F.3d 1243, 1247-48 (9th Cir. 2008); *Saul v. United States*, 928 F.2d 829, 835-40 (9th Cir. 1991); *Rivera v. United States*, 924 F.2d 948, 952 (9th Cir. 1991); *see also* 5 U.S.C. § 2302; 38 U.S.C. §§ 7401 & 7403(f)(3).

1  F.2d at 840-43.  In addition, with regard to her constructive discharge claim, plaintiff fails

2  to plead a necessary fact, namely termination, either actual or constructive.  Because

3  plaintiff continues to work for the VA, she cannot at this time assert a claim of

4  constructive discharge in violation of public policy.  Defendants' Rule 12(b)(1) and

5  Rule 12(b)(6) motion is GRANTED as to these state law claims.  Plaintiff's fourth

6  (constructive discharge) and fifth (outrage) claims are DISMISSED without prejudice.

**D.      Disability Discrimination Claims**

Plaintiff does not appear to dispute that her third claim, which is brought under the ADA against Acting Secretary O'Rourke in his official capacity and the VA, is not cognizable.  <u>See</u> 42 U.S.C. § 12111(5)(B)(i) (indicating that, for purposes of the ADA, the United States is not an "employer"); <u>see also</u> <u>Maish v. Napolitano</u>, 2013 WL 5770345 at *4 (W.D. Wash. Oct. 24, 2013); <u>Whaley v. United States</u>, 82 F. Supp. 2d 1060, 1061 (D. Neb. 2000) ("A suit against a federal agency or against an officer of a federal agency in his or her official capacity constitutes a suit against the United States, and is not permitted under the ADA.").  Plaintiff seeks leave to amend to instead allege a violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 791.  <u>See</u> Pla's Resp. & Mot. at 3-5 (docket no. 11).

Defendants concede that plaintiff timely exhausted some of her disability discrimination claims, namely those based on an ongoing refusal to promote plaintiff, failure to respond to two requests by plaintiff to be considered for vacant positions, a directive to return to work without a proper medical clearance, and a pattern of harassment that created a hostile work environment.  <u>See</u> Mot. at 14 (docket no. 9);

*see also* Ex. A to Morehead Decl. (docket no. 10-1). Defendants contend that all other claims are precluded because they were not presented in the manner and on the schedule required by 29 C.F.R. § 1614.105.[3] The Court declines to make any ruling concerning which, if any, of plaintiff's claims are time barred. As indicated in the Notice of Partial Acceptance issued by the VA's Office of Resolution Management, events occurring before the 45-day limitation period might still be actionable as part of an "overall pattern of harassment." Ex. A to Morehead Decl. (docket no. 10-1 at 4). The Court also declines to address whether plaintiff has satisfied the other prerequisites to filing suit under the Rehabilitation Act. In any amended complaint, plaintiff must plead with particularity whether she has met the criteria for initiating an action.

Defendants' Rule 12(b)(1) and 12(b)(6) motion is GRANTED as to plaintiff's ADA claim, with prejudice as to any claim under the ADA, but without prejudice to asserting a claim under the Rehabilitation Act. Plaintiff's motion for leave to amend,

---

[3] The regulation at issue provides:

> Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a).

docket no. 11, is GRANTED, and plaintiff shall electronically file her amended complaint within fourteen (14) days of the date of this Order. Acting Secretary O'Rourke (or his successor) shall file any responsive pleading or motion within twenty-one (21) days after plaintiff files her amended complaint.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendants' motion to dismiss, docket no. 9, is GRANTED, and the complaint is DISMISSED, with prejudice as to the first (free expression), second (due process), and third (ADA) claims, and without prejudice as to the fourth (constructive discharge) and fifth (outrage) claims.

(2) Plaintiff is GRANTED leave to file an amended complaint alleging a claim under the Rehabilitation Act against solely Acting Secretary O'Rourke (or his successor) in his official capacity; and

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 7th day of June, 2018.

Thomas S. Zilly
United States District Judge